## Henry Nieterink v. Frank Jasinski.

1, CROSS-EXAMINATION—*In Actions for Personal Injuries.*—In an action for personal injuries occasioned by the falling of a "hoisting machine," upon which the plaintiff was employed, it is competent cross-examination of the plaintiff's witnesses who were present and testified

concerning the accident, to show what the plaintiff had been accustomed to do with and about the machine by which he was injured.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed November 8, 1900. Rehearing denied.

C. A. FITCH, F. W. DUHA and M. R. HARRIS, attorneys for appellant.

BRANDT & HOFFMANN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit to recover for personal injuries. It is claimed that appellant, as contractor, was engaged in erecting a three-story building, and that appellee, a laborer in his employ upon said building, was injured through negligence for which appellant is responsible. The injury complained of was caused by the fall of a "hoisting machine," from the roof of the building. The machine was being taken down, and it is alleged that appellant's foreman, after having caused the bolts or fastenings which held the machine in place to be removed, ordered appellee to get up on top of it and take off the wheels there located. These wheels, over which the hoisting wires ran, are said to have been about sixteen inches in diameter and to have weighed about twenty pounds. While appellee was in the act of handing the wheels down, the machine fell through the shaft, and appellee fell with it to the next floor below.

The action was originally brought for the use of Geo. Roeder, and the declaration, as it stood during the trial, alleged that it was by reason of careless and negligent misconduct of Henry Nieterink, Vincent Urban and John F. Prath, copartners as Henry Nieterink & Co., that appellee received the injuries complained of. The case was tried upon that theory, and it was not until the trial was concluded so far as the admission of evidence was concerned, that appellee's counsel asked leave to amend his declaration

by discontinuing as to the defendants Urban and Prath. The jury returned a verdict against appellant, Nieterink, alone.

Appellee produced as witnesses two men who testified that they were working on the building at the time of the accident. Their testimony is to the effect that the accident occurred while the hoisting machine was being taken down. This machine, somewhat resembling a carpenter's "horse," had four legs which rested upon two planks, laid across the shaft through which the hoisting was done. These witnesses testify that the machine was fastened in place upon the planks by screws in each of the four legs; that just before the accident Urban, one of the alleged copartners, removed one of these screws and ordered another workman to unscrew others; that this left the machine standing on the planks, but without anything to hold it in place; that appellee was making a scaffold from twenty to thirty-five feet away, and was called by Urban to "come over here quick; get on the machine and take off those wheels;" that appellee did so, took off one wheel and handed it to Urban and took off the other and handed it to another workman; that at that moment the machine fell and appellee with it; that the machine was seven or eight feet high, and that it fell because Urban had caused it to be loosened and there was nothing to hold it. Appellee himself states that he did not know the fastenings which held the machine in place had been removed.

It thus appears that the alleged negligence by reason of which appellee claims to be entitled to recover is imputed to Urban, at first charged as copartner, but now claimed to have been foreman for appellant.

At the conclusion of the appellee's evidence, a motion was made on behalf of the appellant to exclude the evidence from the jury on the ground that it did not prove partnership and failed to show that Nieterink had directly or indirectly contributed to the injury. This motion was overruled, apparently on the ground that there was some evidence tending to show a partnership with Urban, who, it

was conceded by appellee's counsel, " did all the ordering and bossing about there; it was he did it all; there is no dispute about that."    The motion to exclude as to Nieterink was renewed at the close of the evidence and denied on the ground, as stated by the court, that there was evidence tending to show that Urban was a foreman for Nieterink and the latter was responsible for the act of his foreman; and thereupon appellee's counsel dismissed as to the other alleged copartners and was given leave to amend his declaration so as to charge Nieterink alone.

If Nieterink is to be held liable for the acts of a foreman, it was certainly proper to allow him to introduce evidence to contradict the testimony of appellee's witnesses as to what this foreman said and did with reference to the very matter upon which the charge of liability is based, namely, that Urban ordered appellee to get upon the machine, and that in obeying this order appellee was injured.    Yet, upon examination of one of the defendant's witnesses, the following occurred :

" Q.    Did Vincent Urban or any other person order the plaintiff in this case to get on that machine ?

(Objected to; objection sustained; to which said ruling of the court the defendants, by their counsel, then and there duly excepted.)

Q.    Was the plaintiff directed by any other person to get on the machine ?

(Objected to; objection sustained; to which said ruling of the court the defendants, by their counsel, then and there duly excepted.)

Q.    If anybody directed this plaintiff to get on the machine, who ?

(Objection by plaintiff; objection sustained and exception by defendants.)"

This evidence was clearly competent and a legitimate defense, whether on the alleged ground of copartnership or on the theory that Nieterink was liable for the conduct of a foreman in his employ.

Another witness called on behalf of appellee was asked on cross-examination if he knew what was the nature of the plaintiff's employment on that building.    An objection to

this question was sustained, as was also an objection to the question, " How many times did you see Jasinski hoist stuff upstairs on this machine or manipulating or working the machine ? "

We regard these questions as competent, and proper cross-examination.

It was claimed by appellee that he was unacquainted with the machine and that the defendant failed to warn him of the danger of working about and with it. It was, we think, competent cross-examination to show by appellee's own witness, who was present when the accident occurred, just what the appellee had been accustomed to do with and about the machine by which he was injured. In the same way objections were sustained to what we regard as proper cross examination of the plaintiff.

We are compelled to the conclusion that appellant has not had in this trial a proper opportunity to present what was undoubtedly legitimate matter in defense. Inasmuch as the case must be retried, we refrain from more extended comment, although we find in the record before us other reasons which in our judgment make it necessary to grant a new trial.

The judgment is reversed and the cause remanded.